UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LANCE I. COLLIER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3 06 1183 ) Judge Campbell |
| OFFICER MITCHELL, MURFREESBORO POLICE DEPARTMENT, ET AL., | ) ) ) ) |
| Defendants. | ) |

MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Rutherford County Adult Detention Center in Murfreesboro, Tennessee. He brings this action under 42 U.S.C. § 1983 naming the following defendants: 1) Officer f/n/u Mitchell of the Murfreesboro Police Department; and 2) Ken Tucker of the RCADC medical department.

The plaintiff alleges that defendant Mitchell subjected him to unreasonable search and seizure on August 18, 2006. (Complaint, ¶ IV, p. 5) Specifically, the plaintiff alleges that, as he was about to go into a family member's house, defendant Mitchell stopped in front of the house and instructed the plaintiff to get back into his car. (Complaint, ¶ IV, p. 5) When the plaintiff did not follow defendant Mitchell's instructions, defendant Mitchell allegedly pulled the plaintiff's arms up behind him and forced him onto the hood of the police cruiser. (Complaint, ¶ IV, p. 5) Defendant Mitchell allegedly injured the plaintiff's neck and back in the process.[1] (Complaint, ¶ IV, p. 5)

The plaintiff asserts that more officers soon arrived, searched his car, but found nothing. (Complaint, ¶ IV, p. 5) The plaintiff claims that defendant Mitchell then handcuffed him, looked into the plaintiff's car, and even though the other officers had found nothing, defendant Mitchell

---

[1] When "an excessive force claim arises in the context of an arrest . . . of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment . . . ." *Graham v. Conner*, 490 U.S. 386, 393 (1989); *see Darrah v. City of Oak Park*, 255 F.3d 301, 305 (6th Cir. 2001).

found something – unspecified – that led to the plaintiff's arrest. (Complaint, ¶ IV, p. 5) The plaintiff asserts that defendant Mitchell charged him with driving on a revoked license, resisting arrest, and several drug-related offenses.[2,3] (Complaint, ¶ IV, p. 5)

The plaintiff does not mention defendant Tucker in the statement of the facts. Moreover, apart from naming him as a defendant, the plaintiff does not mention defendant Tucker anywhere in the complaint or in any of the several documents attached to the complaint.

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both elements of this two-part test must be met to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claim lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d

---

[2] It appears from the plaintiff's description of the charges that defendant Mitchell found drug-related items in the plaintiff's car.

[3] It appears from the record that the plaintiff has a trial date on December 18, 2006. (Complaint, Note dtd. Nov. 8, 2006 penned at the bottom of the Attach. Inmate Information Request Slip submitted Oct. 22, 1006)

2

1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

## Defendant Mitchell

The plaintiff is challenging the constitutionality of the procedures allegedly employed by defendant Mitchell in affecting his arrest.

The law is well established that a prisoner does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the basis for that conviction and/or confinement has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). *Heck* extends to suits filed by pretrial detainees. *Adams v. Morris*, 90 Fed.Appx. 856, 658 (6th Cir. 2004); *Thomas v. Pugh*, 9 Fed.Appx. 370, 371 (6th Cir. 2001)(both citing *Alvarez-Machain v. United States*, 107 F.3d 696, 700-01 (9th Cir. 1996); *Hamilton v. Lyons*, 74 F.3d 99, 102-03 (5th Cir. 1996)).

If the Court were to rule in the plaintiff's favor on his unreasonable search and seizure claim against defendant Mitchell, such a determination would likely have the effect of calling the circumstances of his arrest into question which, in turn, would likely call into question the validity of the plaintiff's conviction, if he is convicted. Because the charges that led to the plaintiff's arrest have not been favorably terminated, the plaintiff's claims are barred by *Heck*.

For the reasons explained above, the plaintiff's claim against defendant Mitchell will be dismissed for failure to state a claim on which relief may be granted.

## Defendant Tucker

3

Case 3:06-cv-01183   Document 3   Filed 12/13/06   Page 3 of 4 PageID #: 36

It appears from the record before the Court that the plaintiff made no effort to exhaust his administrative remedies with respect to defendant Tucker. More particularly, in that part of the complaint that addresses exhaustion, the plaintiff makes no reference to defendant Tucker. Moreover, defendant tucker is not mentioned in any of the copies of the grievances that the plaintiff has provided.

Although this action normally would be dismissed at this juncture for failure to exhaust, when a claim satisfies the provisions of 42 U.S.C. § 1915(e)(2), it may be dismissed on the merits without requiring exhaustion if the claim is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 42 U.S.C. § 1997e(c)(2); ); *Brown v. Toombs*, 139 F.3d 1102, 1103-1104 (6th Cir. 1998).

As previously noted, apart from naming him as a defendant, the plaintiff does not mention defendant Tucker in the statement of the facts, anywhere else in the complaint, or in any of the documents attached thereto. Therefore, it cannot be determined who defendant Tucker is, or what, if anything, he is supposed to have done or not done. Consequently, the plaintiff has failed to satisfy either part of the two-part test under *Parratt, supra* at p. 2.

As reasoned above, the plaintiff's claim against defendant Tucker lacks an arguable basis in law or fact. Therefore, this claim will be dismissed as frivolous.

An appropriate Order will be entered.

Todd Campbell
United States District Judge